UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Petro Siruk,<br><br>  Plaintiff,<br><br>v.<br><br>Stan Mazur, Joe Mazur, La Strada at Lake Lure,<br><br>  Defendants. | Case No. 21-cv-0054 (JRT/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Plaintiff Petro Siruk's application for leave to proceed *in forma pauperis,* ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1).[1]  [ECF No. 2].  The underlying complaint, supplemental motion,

---

[1] This is the ninth of nine cases filed by Petro Siruk and/or Petro and Marina Siruk from mid-April 2019 to present.  United States Magistrate Judge Tony N. Leung recently issued a Report and Recommendation numbering the nine cases for ease of reference. *See Siruk v. State of Minn.*, No. 20-cv-2385 (NEB/TNL), R. & R. at 10 n.4 (D. Minn. Jan. 14, 2021) [hereinafter *Siruk VI R. & R*].  The undersigned will adopt the same numbering system, which is as follows: *Siruk v. Assurance Partners LLC*, No. 19-cv-1021 (NEB/SER) (voluntarily dismissed July 24, 2019) [*hereinafter Siruk I*]; *Siruk v. Cofman*, No. 20-cv-1639 (NEB/DTS), *R. & R. adopted*, 2020 WL 6434789, at *1 (D. Minn. Nov. 2, 2020) (dismissed for failure to state a claim and improper jurisdiction) [hereinafter *Siruk II*]; *Siruk v. Misheloff*, No. 20-cv-2269 (PJS/HB), R. & R. (D. Minn. Feb. 1, 2021) (recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim) [hereinafter *Siruk III*]; *Siruk v. Kendall*, No. 20-cv-2270 (JRT/ECW) [hereinafter *Siruk IV*]; *Siruk v. State of Minn. (City of Elk River)*, No. 20-cv-2373 (WMW/KMM) [hereinafter *Siruk V*]; *Siruk VI*, No. 20-cv-2385 (NEB/TNL); *Siruk v. Healthy Beverage Co.*, No. 20-cv-2431 (ECT/DTS) [hereinafter *Siruk VII*]; *Siruk v. State of Minn.*, No. 20-cv-2667 (SRN/ECW) [hereinafter *Siruk VIII*]; *Siruk v. Mazur*, No. 21-cv-0054 (JRT/HB) [hereinafter *Siruk IX*] (the instant case).

1

and exhibits detail an incident of customer dissatisfaction at a restaurant in North Carolina. (Compl. [ECF No. 1]); Pl.'s Mot. [ECF No. 4].)

Typically, the Court considers the IFP application before any other action may be taken; however, where a complaint contains obvious defects, the Court may review the contents of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). As the following discussion shows, this case has two primary defects—venue is not proper in this District, and Mr. Siruk has failed to state a claim on which relief can be granted. Therefore, this Court will recommend that this case be dismissed without prejudice for improper venue, and not be transferred to another federal judicial district.

Mr. Siruk alleged in his complaint that Defendants committed trespass and negligence that somehow caused harm to his property on May 31, 2020. (Compl. at 1.) He also included a statement on venue wherein he alleged that he could "enter" his case into "a public courthouse," and he identified the U.S. Courthouse in Minneapolis, Minnesota, as that courthouse. (Compl. at 3.) A Certificate of Service indicated that he served the two individual defendants, Stan Mazur and Joe Mazur, and the restaurant defendant, La Strada at Lake Lure, at the same address in North Carolina. (Cert. Serv. [ECF No. 1-1 at 1].) Less than a month after filing his complaint, and before Defendants filed a responsive pleading, Mr. Siruk filed a motion and a "notice" that attached several exhibits. (Pl.'s Mot. [ECF No. 4]; Ntc. [ECF No. 5].)[2] These documents contain a

---

[2] Mr. Siruk's "motion" appears to be an attempt to amend or supplement the complaint. [ECF Nos. 4, 4-1.] Additionally, the "notice" appears to be an attempt to supplement the record with exhibits. [ECF No. 5.] A litigant has a chance to amend his complaint once as a matter of right under certain circumstances, *see* Fed. R. Civ. P. 15(a), and a pro se

variety of factual allegations that can be reduced to one core allegation. Mr. Siruk alleges that on May 31, 2020, he frequented the La Strada at Lake Lure restaurant and ordered a salad that was not served to his liking. He alleges that the incident was negligent and that it caused him mental anguish and embarrassment.

> Beginning with venue, a civil action generally may only be brought in
>
> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) If there is no district in which an action may be otherwise brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The District of Minnesota is not the correct venue under the first provision because Mr. Siruk appears to allege in his complaint and motion that the defendants are all located in North Carolina for purposes of this suit. (Proof Serv. [ECF No. 1-2 at 1]; Ex. to Mot. [ECF No. 4-1 at 1-2].) Additionally, the second provision does not make the District of Minnesota the correct venue because the event in question—the presentation of the incorrect salad—occurred at a restaurant in North Carolina. (Mot. at 1-2). Finally, Mr. Siruk's case does not fit within the third provision

---

litigant's filings are to be construed liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), so this Court will treat both documents as supplements to the complaint and consider them when reviewing the potential merits of this action. *See Lindsey v. Moser*, No. 15-cv-2091 (SRN/SER), 2016 WL 11491387 (D. Minn. 2016) (reviewing all documents filed by a pro se litigant that could be construed as amendments to the complaint to give the pro se litigant a true liberal construction of his allegations).

because this case certainly could be brought in state or federal court where the alleged harm took place—in North Carolina.

Having determined that venue is not proper in this District, this Court must also consider the propriety of transferring the case under 28 U.S.C. § 1406. Section 1406 vests this Court with the authority to recommend that this matter be dismissed or transferred to the proper district or division in the interest of justice. Here, this Court finds it appropriate to recommend dismissal of this case claim rather than transfer. Mr. Siruk has been warned recently in several cases filed in this District that a pro se complaint can be dismissed for failure to state a claim. *See Siruk III*, No. 20-cv-2269 (PJS/HB), R. & R. [ECF No. 4]; *Siruk VI*, No. 20-cv-2270 (JRT/ECW), R. & R. [ECF No. 4]); *Siruk VI*, No. 20-cv-2385 (NEB/TNL), R. & R. [ECF No. 3].) Upon first glance, this case appears to bear the same deficiencies identified in the other cases. Mr. Siruk filed a vague, bare-bones complaint wherein he alleged that the "causal agent of the trespass, comes by way of engaging in willful, conscious negligence wrongdoing." (Compl. at 1). It identifies two threadbare legal theories—trespass and negligence—but the mere identification of legal theories without factual elaboration is insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Standing alone, the complaint is insufficient to state a claim because it does not provide enough information for the parties to understand the nature of the claims against them.

Mr. Siruk's motion and notice do, however, shed additional light on the nature of his allegations, and to the extent he intended these documents to serve as a request to amend the complaint, this Court has considered those documents. Mr. Siruk asserts in

the motion and notice that Defendants harmed him by serving him a salad that contained dairy despite his stated dietary restrictions. (Mot. at 1.) Furthermore, when he asked for his order to be corrected, he received a salad that still contained remnants of dairy and also contained a human hair. (*Id.* at 2.) Mr. Siruk's exhibits include correspondence he exchanged with Defendants demanding monetary compensation for his dining experience, and they also include an email that suggests he was not charged for the salad in question. [ECF No. 5-1 at 1.] Whether or not the underlying facts, if incorporated into a self-contained complaint,[3] are sufficient to support a plausible claim is a matter more properly considered by a court in the proper venue, if Mr. Siruk decides of his own accord to pursue this action in another district. Perhaps, based on the multiple warnings that have been recently issued in this District, Mr. Siruk will opt not to refile this case in another jurisdiction. By contrast, he may believe this case is different from those that have been recently reviewed in this District, and he may decide to proceed. In the Court's view, it is preferable for Mr. Siruk to make his own informed decision about whether to file a complaint in the appropriate district, rather than for the Court to transfer a case in which the complaint, as it stands, is insufficient to state a claim for relief.

In short, given the deficiencies in the complaint as stated and Mr. Siruk's history with regard to his other recent litigation, as well as the need for him to submit jurisdiction and venue statements tailored to a different district, this Court finds that the interests of justice do not weigh in favor of transferring this case. Therefore, the undersigned will

---

[3] An amended complaint "must be complete in itself" and may not be supplemented piecemeal. D. Minn. LR 15.1(a).

5

recommend that this case be dismissed for improper venue, and that it not be transferred.

Accordingly, **IT IS RECOMMENDED THAT**:

1. The case be **DISMISSED** without prejudice for improper venue under 28 U.S.C. § 1391(b), and not be transferred as contemplated by 28 U.S.C. § 1404(a) because the interests of justice do not support transfer; and

2. The application to proceed *in forma pauperis* [ECF No. 2] be **DENIED** as moot.

Dated: February 3, 2021          *s/ Hildy Bowbeer*
                                        Hildy Bowbeer
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).