# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

PETRO SIRUK,

                              Plaintiff,

v.

STAN MAZUR, JOE MAZUR, and LA STRADA AT LAKE LURE,

                              Defendants.

Civil No. 21-54 (JRT/HB)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Petro Siruk, 12410 Rolling Ridge Road, Becker, MN 55308, *pro se.*

Plaintiff Petro Siruk initiated this action on January 5, 2021, alleging claims related to his apparent dissatisfaction with service at La Strada at Lake Lure, a restaurant in North Carolina, (Compl., Jan 5, 2021, Docket No. 1), and filed an application to proceed without paying fees or costs, also known as an application to proceed *in forma pauperis* ("IFP"), (Appl., Jan. 5, 2021, Docket No. 2.) Plaintiff then filed a motion asserting additional factual allegations and a notice with several attachments. (Motion, Jan. 25, 2021, Docket No. 4; Notice, Jan. 25, 2021, Docket No 5.)

On February 3, 2021, the Magistrate Judge recommended dismissing the action without prejudice for improper venue and failure to state a claim and recommended denying the IFP application as moot. (Report & Recommendation ("R&R") at 6, Feb. 3, 2021, Docket No. 6.) The Magistrate Judge also construed Plaintiff's motion and notice

as a motion to amend the complaint and granted the motion to that extent. (Order at 2–3, Feb. 8, 2021, Docket No. 7.) Plaintiff timely objected to the R&R, (Response, Feb. 12, 2021, Docket No. 8), but has not filed an amended complaint.

Where a litigant has filed an application to proceed without paying fees or costs, the Court shall dismiss the action if it determines that the complaint fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint fails to state a claim when it lacks factual allegations that allow the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts allegations as true to determine whether a complaint states a claim to relief that is plausible on its face. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). When a plaintiff proceeds pro se, the Court construes the complaint liberally, but the complaint must allege sufficient facts to support a claim. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff's objections do not address the grounds upon which the Magistrate Judge recommended dismissal of the action, improper venue and a failure to state a claim, the latter of which rose to a level not warranting transfer to the proper venue.[1] Even if Plaintiff did properly object to the R&R, upon de novo review the Court agrees that the

---

[1] Whether Plaintiff could file an amended complaint to state a plausible claim based on the allegations made in the motion and notice is outside the scope of the Court's review. As the Magistrate Judge concluded, it is preferable for Plaintiff to make his own decision about whether to file a complaint against the Mazurs and La Strada in the appropriate district.

District of Minnesota is not the correct venue because Defendants do not reside in Minnesota; the events giving rise to Plaintiff's claims did not occur in Minnesota; and Plaintiff could initiate an action in state or federal court in North Carolina, where the alleged harm occurred. 28 U.S.C. § 1391(b). Additionally, because the Complaint lacks specific factual allegations about the nature of Defendants' conduct or the harm experienced by Plaintiff, the Court agrees that the action should be dismissed without prejudice. Accordingly, the Court will overrule Plaintiff's objection and adopt the R&R.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Response to the Report & Recommendation [Docket No. 8] is **OVERRULED;**

2. The Report & Recommendation [Docket No. 6] is **ADOPTED;**

3. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 2] is **DENIED as moot**; and

4. The action is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 29, 2021          _____
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
                                                         Chief Judge
                                        United States District Court